## DEAN v. ADAMS et al.

No. 3068. Opinion Filed January 13, 1914.

(137 Pac. 1173.)

**APPEAL AND ERROR—Record—Scope of Review.** Upon an appeal to this court by petition in error and transcript of the record proper, no errors will be considered, save such as plainly appear upon the face of the record.

(Syllabus by the Court.)

*Error from District Court, Okmulgee County;*
*W. L. Barnum, Judge.*

Action by C. R. Dean against Henry Adams and others to quiet title. Judgment for defendants, and plaintiff brings error.. Affirmed.

*Blakeney, Maxey & Miley,* for plaintiff in error.

*Harlan Read,* for defendants in error.

KANE, J. This was an action to quiet title to certain real estate, commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below. The petition of the plaintiff was in the usual form. The answer of the defendant W. Thornburgh was a general and special denial of all the facts contained in the petition of the plaintiff, except such as were specifically admitted, and there are further allegations to the effect that the answering defendant was the owner of the land, and a prayer that the plaintiff take nothing by his action, and that the title to said premises be quieted in the answering defendant; that the claims to the title made by the other defendants be decreed to constitute a cloud upon the answering defendant's title, and be removed by a decree of the court. The pleading is entitled "Answer and Cross-Petition." Thereafter the plaintiff filed his demurrer to said pleading upon the ground that the same "does not state facts sufficient to entitle the cross-petitioner to any relief against this plaintiff," which demurrer was over-

ruled by the court, to which action an exception was saved. Thereafter there was no further appearance on behalf of the plaintiff, and no further pleadings were filed by him. Thereafter the court entered a decree in favor of the answering defendant, to review which action the plaintiff filed this proceeding in error in this court, which consists of a petition in error, attached to which is what purports to be a transcript of the record. As there is no reversible error apparent upon the face of the record, the judgment of the court below must be affirmed. The assignments of error relied upon, as stated in the petition in error, are:

"First, that the answer of the said Wright Thornburgh did not state any defense to the plaintiff's petition; second, that the cross-petition of the said Wright Thornburgh did not state a cause of action, and did not state facts sufficient to constitute a cause of action against the plaintiff in error and in favor of the said Thornburgh; third, that the said answer and cross-petition of the said Thornburgh did not state facts sufficient to entitle the said Thornburgh to any relief against this plaintiff in error, and did not constitute an answer to the plaintiff's petition; fourth, that the said district court erred in overruling the demurrer of the plaintiff in error to the answer and cross-petition of the defendant Thornburgh; fifth, that the answer and cross-petition of the said Thornburgh does not state facts sufficient to support the judgment rendered herein in favor of said Thornburgh and against this plaintiff in error."

The foregoing assignments merely amount to saying in different ways that the court below erred in overruling the demurrer of the plaintiff, upon the ground that his answer and cross-petition did not state facts sufficient to constitute a defense to the plaintiff's petition. That really is the only question that can be reviewed here upon a transcript. It is not seriously contended that the pleading filed by the defendant Thornburgh, whether it be denominated an answer or a cross-petition, or both, does not state facts which, if established, would defeat the plaintiff's cause of action. As the only exception saved below was one saved to the ruling of the court on the sufficiency of the answer and cross-petition, and all the assignments of error are to the same effect, it follows that, as we conclude the answer and cross-petition do

state facts sufficient to constitute a defense to plaintiff's action, the judgment of the court ought to be sustained.  There is some point made in the brief of counsel for plaintiff in error, to the effect that the decree of the court shows that the same was entered against the plaintiff without taking any evidence tending to establish the facts stated in the answer and cross-petition of the answering defendant, and that this error which appears on the face of the record is sufficient to reverse the cause.  We do not believe the conclusion of counsel is justified by the record before us.  It is true that the decree states that the plaintiff, "C. R. Dean, and the defendant W. E. Templeman and ·C. D. Wolfe are in default, and that the allegations of the answer and cross-petition of the defendant W. Thornburgh be taken as true and confessed," but the decree also contains a recitation to the effect that the court having heard the evidence and the arguments of counsel, and being fully advised in the premises, adjudges and decrees, etc.  As the evidence is not before us, we must presume, especially in view of the recitation in the decree that it was rendered after hearing the evidence, that the court heard sufficient evidence, if any was necessary, to support the judgment rendered.

The judgment of the court below is therefore affirmed.

All the Justices concur.